**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RAMAN S. PATEL,**<br>*Plaintiff,*<br><br>**v.**<br><br>**THOMAS FOSTER and EDWARD YOST,**<br>*Defendants.* | **Civil No. 25-5751** |

# MEMORANDUM

**Costello, J.** **September 11, 2026**

Plaintiff Raman S. Patel is a resident of Westtown, Pennsylvania. He brings this action challenging the constitutionality of Westtown Ordinance 2025-04 ("the Ordinance"), which amended the township's zoning laws. Plaintiff brings his claims against Thomas Foster and Edward Yost (together, "Defendants"). Defendants are individual members on the Westtown Board of Supervisors who voted in favor of the Ordinance. Defendants moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Because Defendants are entitled to legislative immunity, the Court will grant Defendants' motion.

## I. BACKGROUND

Before enactment of the Ordinance, Plaintiff lobbied the Board of Supervisors to increase the township's residential fence height restriction from six feet to eight feet. ECF No. 1 at 6 ("Attachment #1"). Plaintiff sought this increase because of the township's growing deer population. *Id.* As Plaintiff explains, the growth of deer activity poses a risk to private property and community health. *Id.* Plaintiff provided Defendants with evidence that a fence height increase to eight feet would be better for keeping deer out of residential yards and limiting the

spread of Lyme disease. *Id.* at 7-8 ("Attachments 2A & 2B"). Plaintiff also surveyed Westtown residents, who were largely supportive of the increase. *Id.* at 6.

Nevertheless, Defendants retained the six-foot fence height restriction in the Ordinance. *Id.*; *see also* Westtown, Pa., Code § 170-1505(D)(3). Defendants passed the Ordinance on September 15, 2025, during a public meeting. ECF No. 1 at 6.

Plaintiff filed the instant § 1983 action on October 6, 2025. *See generally id.* Plaintiff argues that, in passing the Ordinance, Defendants violated his due process rights and that the fence restriction constitutes a regulatory taking without just compensation. *See id.* Plaintiff asks this Court to enjoin enforcement of the Ordinance until it is amended to include an eight-foot deer fence provision. *Id.* at 4.

Defendants moved to dismiss on October 27, 2025. *See generally* ECF No. 8-1. Defendants argue that (1) Plaintiff failed to allege a sufficient governmental taking under the Takings Clause, (2) Plaintiff failed to allege conscience shocking conduct to support his substantive due process claim,[1] (3) state law procedures to challenge the Ordinance defeat Plaintiff's procedural due process claim, and (4) Defendants, as individual elected official, are entitled to absolute legislative immunity. *See* ECF No. 8-2. Plaintiff opposed the motion. *See generally* ECF No. 10.

---

[1] Defendants incorrectly state the standard for Plaintiff's substantive due process claim. "There is a distinction in the standard of review for legislative and executive acts that allegedly violate substantive due process." *Cnty. Concrete Crop v. Town of Roxbury*, 442 F.3d 159, 169 (3d Cir. 2006). The "shocks the conscience" standard applies to executive action, not legislative action. *Id.* A legislative act violates substantive due process only where it is not rationally related to a legitimate state interest. *Id.*

## II. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads sufficient "factual content" to support a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facial plausibility demands "more than a sheer possibility that a defendant has acted unlawfully" and "must be enough to raise a right to relief above the speculative level." *Id.*

"Although immunity is an affirmative defense, a complaint may be dismissed pursuant to a 12(b)(6) motion when the affirmative defense appears on its face." *Allstate Vehicle & Prop. Ins. Co. v. Phila. Hous. Auth.*, 394 F. Supp. 3d 535, 538-39 (E.D. Pa. 2019) (citing *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001)).

## III. DISCUSSION

Legislative immunity is a threshold issue. *B.S. v. Somerset Cnty.*, 704 F.3d 250, 261 n.22 (3d Cir. 2013); *Mikhai v. Kahn*, 991 F. Supp. 2d 596, 612 n.6 (E.D. Pa. 2014), *aff'd* 572 F. App'x 68 (3d Cir. 2014). As is discussed in detail below, Defendants are entitled to legislative immunity. Therefore, the Court will not consider Defendants' other arguments.

"On its face, § 1983 admits of no immunities." *Larsen v. Sen. of Commw. of Pa.*, 152 F.3d 240, 249 (3d Cir. 1998) (quotation omitted). Nonetheless, the Supreme Court has "recognized that Congress intended the statute to be construed in the light of common-law principles that were well settled at the time of its enactment." *Kalina v. Fletcher*, 522 U.S. 118, 123 (1997). Under these principles, courts have held that "local legislators are . . . absolutely immune from suit under § 1983 for their legislative activities." *Bogan v. Scott-Harris*, 523 U.S.

44, 49 (1998). "Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it." *Id.* at 54. An act is legislative if it is (1) substantively legislative and (2) procedurally legislative. *Acierno v. Cloutier*, 40 F.3d 597, 610 (3d Cir. 1994). Here, Defendants' actions were both substantively and procedurally legislative.

An action is substantively legislative if it involves "a policy-making or line-drawing decision." *Id.* "[A]cts of voting for an ordinance" are "quintessentially legislative." *Bogan*, 523 U.S. at 55. Accordingly, "when zoning officials are enacting or amending zoning legislation, their acts are substantively legislative, and when they are enforcing already existing zoning laws, their acts are administrative, executive, or ministerial." *Cnty. Concrete Corp v. Town of Roxbury*, 442 F.3d 159, 172 (3d Cir. 2006).

Plaintiff alleges that Defendants "updated and passed an amended Ordinance 2025-04 during [a] public meeting." ECF No. 1 at 6. Plaintiff alleges that this act of passing the Ordinance without a change to the fence height restriction violated his constitutional rights. *Id.* Therefore, Plaintiff challenges Defendants' "act[] of voting for an ordinance." *Bogan*, 523 U.S. at 55. Because such conduct is "quintessentially legislative," *id.*, Defendants' enactment of the Ordinance was substantively legislative.

Furthermore, Defendants' conduct was procedurally legislative. An action is procedurally legislative if it was "undertaken through established legislative procedures." *Acierno*, 40 F.3d at 610. That is, to amend zoning laws, officials must follow "the statutory procedures specified for such action." *Id.* (quotation omitted). Plaintiff has not alleged that Defendants failed to follow the requisite statutory procedures in enacting the Ordinance. The enactment and amendment of zoning ordinances are governed by the Pennsylvania Municipalities Planning Code. 53 Pa. Cons. Stat. § 10608, *et seq.* The statute includes, *inter*

*alia*, a "requirement for a pre-enactment public hearing pursuant to public notice." *Rickert v. Latimore Twp. Bd. of Supervisors*, 869 A.2d 1086, 1092 (Pa. Commw. Ct. 2005).

Plaintiff's allegations suggest that Defendants followed these statutory procedures. The complaint notes that Defendants passed the Ordinance during a public hearing. ECF No. 1 at 6. Moreover, Plaintiff had time to supply Defendants with evidence that an eight-foot fence restriction is superior and conduct a survey of residents on the issue. *Id.* This indicates that Plaintiff was on notice of the pending amendment and that he had an opportunity to lodge his grievances. Far from alleging that Defendants failed to follow the procedural requirements of the Municipalities Planning Code, the complaint tends to suggest the opposite. Accordingly, because the complaint fails to allege that Defendants failed to follow statutory procedures, Defendants' conduct was procedurally legislative. *See Cnty. Concrete*, 442 F.3d at 172-73.

## IV. CONCLUSION

Because Defendants' conduct was substantively and procedurally legislative, Defendants are entitled to legislative immunity for passing the Ordinance. The Court will accordingly grant Defendants' motion to dismiss. An appropriate Order follows.

**BY THE COURT:**

MARY KAY COSTELLO
United States District Judge